**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY POSEY,<br><br>Plaintiff,<br><br>v.<br><br>BOOST MOBILE, *et al.*,<br><br>Defendants. | Civil Action No. 26-10336 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>October 1, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Anthony Posey's ("Plaintiff") Complaint ("Compl." (D.E. 1)), Application to Proceed *in forma pauperis* ("IFP Application" (D.E. 1-1)), and this Court having reviewed Plaintiff's submissions; and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, in forma pauperis—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); and

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient

facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** Plaintiff's IFP Application indicates that he is an inmate in the custody of the New Jersey Department of Corrections ("DOC"), is not employed at the prison, has received no money over the past 12 months, and has no cash or other financial assets. (IFP Application at 1–2.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*.

**WHEREAS** the Complaint is dismissed for failure to state a claim, because it contains only vague and confusing factual allegations. (*See generally* Compl.) Plaintiff's allegations appear to stem from an alleged dating service that Defendant Boost Mobile offered to customers in 2005 and assert incoherent claims, including false advertising and discrimination, among other things. (*Id.*) Under any standard, the statute of limitations has run in this matter.

Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE,** and his IFP Application is **GRANTED**. This case shall be closed. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Stacey D. Adams, U.S.M.J.